UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SPENCER NURSE,

                Plaintiff,

        - against -

4121 CHURCH MEAT CORP., et al.,

                Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
18 CV 5273 (ENV) (CLP)

**POLLAK**, United States Magistrate Judge:

On September 19, 2018, plaintiff Spencer Nurse commenced this action against corporate defendant 4121 Church Meat Corp. and individual defendant Walid Shehadeh (together, "defendants"), alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b), and the New York Labor Law, N.Y. Lab. Law §§ 650, 663, 191, 193, and 195. (Compl.).[1] Defendants filed an Answer on November 12, 2018, and an initial conference was held before the undersigned on December 12, 2018.

The parties reached a settlement of this matter, the terms of which are set forth in a Settlement Agreement and Release, filed with the Court. (See Sett. Agr.[2]). On September 20, 2019, plaintiff filed a motion requesting that the Court approve the Settlement Agreement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert.

---

[1] Citations to "Compl." refer to the Complaint, filed September 19, 2018, ECF No. 1.
[2] Citations to "Sett. Agr." refer to the Settlement Agreement and Release, filed as the first attachment to the parties' Motion for Settlement Approval, filed September 20, 2019, ECF No. 21-1.

1

denied, 136 S. Ct. 824 (2016). (Mot.)[3] On October 10, 2019, the Court held a fairness hearing on the motion. For the reasons set forth in this Order, the Court respectfully recommends approval of the Settlement Agreement as fair and reasonable.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants employed plaintiff from approximately 2006 until August 20, 2018. (Mot. at 1). On September 19, 2018, plaintiff brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs pursuant to the FLSA and the New York Labor Law's minimum wage, overtime wage, spread-of-hours, notification, and deductions provisions. (Compl. ¶¶ 2, 3). The parties propose to settle the case for a total of $21,558. (Mot. at 2). Of that amount, plaintiff is to receive $14,000, which equals two-thirds of the settlement after deducting costs and a one-third attorneys' fee. (Id.) Plaintiff's counsel is to receive $7,558 in fees and costs. (Id.) For the reasons set forth below, the Court respectfully recommends approval of the Settlement Agreement as fair and reasonable.

## DISCUSSION

1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008) (internal quotation omitted); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d

---

[3] Citations to "Mot." refer to the Motion for Settlement Approval, filed September 20, 2019, ECF No. 21-1.

1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

2. Settlement Terms

The Court finds that the terms of the Settlement Agreement are fair and reasonable. The written agreement contains no impermissible confidentiality provisions or non-disparagement provisions. Although the Settlement Agreement contains a release of claims by the plaintiff, the release only precludes further lawsuits arising out of plaintiff's wage and hours claims (see Sett. Agr. ¶ 4), which the Court finds reasonable, as a narrow release limited to the claims at issue in this lawsuit does not offend Cheeks. Cf. Lopez v. 41-06 Bell Blvd. Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016), report and recommendation adopted, No. 15 CV 6953, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016) (holding that "broad general releases" contravene the protective nature of the FLSA); Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14 CV 2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (holding that a settlement agreement containing a general release violated the FLSA).

3. <u>Settlement Amount</u>

The Settlement Agreement, reached after a period of arm's-length bargaining between the parties, proposes a total settlement amount of $21,558. (Mot. at 2). Plaintiff's total claim, including unpaid wages and overtime, liquidated damages, and statutory damages, potentially amounted to more than $90,000.00, excluding attorneys' fees and costs. (See <u>id.</u>). The proposed total settlement amounts to just under one-quarter of the total amount to which plaintiff claim was entitled.

Although the total amount alleged by the plaintiff is significantly higher than the amount received in settlement, plaintiff notes that there are a number of issues that complicate his recovery in this case. First, defendants dispute plaintiff's claims as to overtime damages, arguing that their records show that plaintiff did not work overtime. (<u>Id.</u>) Moreover, plaintiff recognizes that there may be certain legal and factual impediments to the recovery of liquidated damages and damages based on wage statement violations. (<u>Id.</u>) Finally, plaintiff notes that defendants have raised financial difficulties and "challenging business circumstances" that would potentially impede recovery of any larger amount. (<u>Id.</u>)

Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing the litigation, and seeing no issues regarding potential fraud or collusion in this case, the Court finds that the settlement is fair. See <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d at 335.

4. <u>Attorney's Fees and Costs</u>

The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and

complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Courts employ the "lodestar" method in determining whether attorney's fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Courts in this Circuit have addressed the issue of applying a multiplier to the lodestar calculation. In one case, the Honorable William H. Pauley III concluded that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). In reaching this decision, Judge Pauley examined the case law of this Circuit and noted that courts "have generally refused multipliers as high as 2.03.'" Id. at 438 (quoting In re Currency Conversion, 263 F.R.D. 110, 129 (S.D.N.Y. 2009)); see also Velandia v. Serendipity 3, Inc., No. 16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier").

5

Instead of using the lodestar method, courts may employ the "percentage of the fund" method. See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases). However, a one-third percentage may be "simply too great" in relation to the work performed. Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiff's attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013). Although courts in this Circuit have noted that there is "a greater range of reasonableness for approving attorney's fees" in individual FLSA actions than in collective actions, courts must still "carefully scrutinize" such settlements. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 336 (internal citations omitted). Courts in this Circuit have reduced the award of attorney's fees when the lodestar or the percentage of the settlement that counsel sought appeared unreasonable.

Here, plaintiff's counsel would receive one-third of the total settlement, amounting to $7,000, plus $558 in costs. (Mot. at 2). In response to an Order made on the record during the Fairness Hearing, held on October 20, 2019, plaintiff's counsel submitted supplemental time

records to support his fee request. (10/20/19 Ltr.).[4] Based on the time records, counsel seeks fees totaling $10,967.90, for 24.37 hours of time, at a rate of $450. (10/20/2019 Ltr. at 1). Although the requested rate of $450 an hour is high for this type of case in the Eastern District of New York, this represents a lodestar percentage of only .64. Therefore, upon review of the parties' submission and consideration of the Goldberger factors set forth above, the Court finds the requested fee to be reasonable.

## CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court respectfully recommends a finding that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arm's length negotiations among experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court also respectfully recommends a finding that counsel's request for fees and costs is reasonable based on the lodestar crosscheck.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a

---

[4] ECF No. 23.

. . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 2, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

8